# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS A. McCORNELL, CDC #B-92969,<br><br>                         Plaintiff,<br><br>vs.<br><br>CRUZ, et al.,<br><br>                         Defendants. | Civil No.   07-0199 L (LSP)<br><br>**ORDER SUA SPONTE DISMISSING FIRST AMENDED COMPLAINT AS FRIVOLOUS  PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1)**<br><br>**[Doc. No. 5]** |

## I.     Procedural History

On January 29, 2007, Plaintiff, an inmate currently incarcerated at Corcoran State Prison in Corcoran, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. On March 26, 2007, this Court granted Plaintiff's Motion to Proceed *IFP* but sua sponte dismissed his Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).  On May 10, 2007, Plaintiff filed his First Amended Complaint ("FAC") [Doc. No. 5].

## II.   Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)

The Prison Litigation Reform Act obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties"); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at

1121. In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, it is clear that Plaintiff's First Amended Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S. Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

Plaintiff's First Amended Complaint contains a number of claims that are indecipherable. In Plaintiff's previous Complaint, he appeared to allege that prison officials at the Richard J. Donovan Correctional Facility ("Donovan") conspired in 1995 to "cover up" the fact that Plaintiff was HIV positive. (Compl. at 1-5.) However, in Plaintiff's First Amended Complaint, it now appears that he is claiming that he received inadequate medical care while he was housed at Donovan in 1995. (FAC at 4.) Specifically, Plaintiff alleges that prison officials have been "secretly sneaking [human growth hormone] in all three of my meals" by way of a hypodermic needle in his fruit. (*Id.* at 8.) To the extent that Plaintiff intends these allegations to support an independent constitutional claim for relief under section 1983, the Court finds they are frivolous. A claim is frivolous for purposes of section 1915 if it lacks any arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-30 (1989) ("[The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.").

////

////

1  Moreover, as the Court found in its previous order, many of the claims asserted by
2  Plaintiff are the same as the claims brought by Plaintiff in the Eastern District of California. A
3  court "may take notice of proceedings in other courts, both within and without the federal
4  judicial system, if those proceedings have a direct relation to matters at issue." *United States*
5  *ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

7  A prisoner's complaint is also considered frivolous under 28 U.S.C. § 1915A(b)(1) if it
8  "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103,
9  1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal
10 quotations omitted). Accordingly, the Court takes judicial notice of the civil action he filed in
11 *McCornell v. Mercy Hospital, et al.*, E.D. Civil Case No. 05cv0333 OWW SMS, in which
12 Plaintiff claims that Mercy Hospital personnel discovered his HIV status and conspired to keep
13 this information from prison officials. Thus, because a review of the Court's docket reveals that
14 Plaintiff may have already litigated the same claims presented in the instant action in *McCornell*
15 *v. Mercy Hospital, et al.*, E.D. Civil Case No. 05cv0333 OWW SMS, the Court hereby
16 **DISMISSES** Civil Case No. 07cv0119 L (LSP) pursuant to 28 U.S.C. § 1915A(b)(1). *See Cato*,
17 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1.

18  Once again, the Court also finds that Plaintiff's First Amended Complaint is subject to
19 sua sponte dismissal because it appears from the face of Plaintiff's pleading that his claims are
20 barred by the statute of limitations. While Congress has provided no federal statute of
21 limitations governing section 1983 claims, the Supreme Court has held that federal courts should
22 use the forum state's single most appropriate statute of limitations applicable to personal injury
23 actions for all section 1983 claims. *See Wilson v. Garcia*, 471 U.S. 261, 269 (1985). Relying
24 on *Wilson*, the Ninth Circuit has found that the one-year statute of limitations of California Code
25 of Civil Procedure § 340(3)[1] is the most appropriate. *Usher v. City of Los Angeles*, 828 F.2d

---

[1] California Code of Civil Procedure § 340(3) provides a one-year statute of limitations on any civil action for "[l]ibel, slander, assault, battery, false imprisonment, seduction, injury or death from wrongful act or neglect . . . ." CAL. CIV. PROC. CODE § 340(3). On January 1, 2003, this code section was replaced with § 335.1 which now provides for a two-year statute of limitations for these actions. However, the longer period found in § 335.1 is inapplicable to Plaintiff's action. *See Maldonado v.*

556, 558 (9th Cir. 1987); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam). Federal law, however, determines when a section 1983 cause of action accrues. *Hardin v. Staub*, 490 U.S. 536, 543-44 (1989). Under federal law, a claim generally accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Elliot v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1996) (internal citations omitted).

In his First Amended Complaint, it appears as though Plaintiff alleges that the actions taken by Defendant occurred when he was incarcerated at Donovan in 1995. (FAC at 3-5.) Accordingly, Plaintiff's claims arose in 1995. However, Plaintiff filed this action on January 29, 2007, nearly twelve years after he claims that Defendants violated his constitutional rights.

Plaintiff does not allege any facts to suggest how or why California's one-year statute of limitations might be tolled for a period of time which would make his claims timely. *See*, *e.g.*, CAL. CODE CIV. P. § 352.1 (tolling statute of limitations "for a maximum of 2 years" during a prisoner's incarceration); *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (finding that CAL. CODE CIV. P. § 352.1 tolls a California prisoner's personal injury claims accruing before January 1, 1995 for two years, or until January 1, 1995, whichever occurs later, unless application of the statute would result in a "manifest injustice."). Due to Plaintiff's incarceration, pursuant to *Fink*, Plaintiff's claims against Defendants, accruing in 1995, would be tolled for two years. California's one-year statute of limitations would then begin to run -- requiring Plaintiff to file this action against these Defendants no later than February 1998. However, Plaintiff's Complaint was not filed until 2007.

Generally, federal courts also apply the forum state's law regarding equitable tolling. *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988). Under California law, however, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) the defendants must not be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328,

---

*Harris*, 370 F.3d 945, 955 (9th Cir. 2004) (holding that under California law, an extension of a statute of limitations will not apply to claims already barred under the prior statute of limitations unless the Legislature explicitly provides for such an extension).

1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978); *Fink*, 192 F.3d at 916. Here, however, Plaintiff has failed to plead any facts which, if proved, would support the equitable tolling of his claims. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993).

### III. Conclusion and Order

Good cause appearing, the Court hereby:

(1) **DISMISSES** Plaintiff's First Amended Complaint without leave to amend as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & § 1915A(b)(1); and

(2) **CERTIFIES** that an IFP appeal from this Order would also be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: June 20, 2007

M. James Lorenz
United States District Court Judge